SUMMARY ORDER
Defendant appeals from a judgment entered on April 15, 2008 in the United States District Court for the Eastern District of New York, convicting him of six violations of the conditions of his supervised release. The District Court sentenced defendant to a term of 24 months imprisonment. On appeal, defendant argues that he was denied his right to due process at his revocation hearing, and that the sentence imposed by the District Court was substantively unreasonable. We assume the parties’ familiarity with the factual and procedural history of the case, though we revisit key portions of that history here.
On October 3, 2006, defendant was admitted to a Residential Reentry Center (“RRC”) to serve the remainder of a 37-month sentence stemming from a federal bank fraud conviction. On October 19, 2006, defendant signed himself out of the RRC and did not return. On December 26, 2006, defendant pleaded guilty to a single-count indictment, which charged him with escaping from the custody of the United States Attorney General. The District Court sentenced defendant to a term of four months imprisonment and three years supervised release.
On November 16, 2007, the United States Probation Office (“USPO”) issued a violation report, which charged defendant with four violations of the terms of his supervised release: (1) failure to participate in an approved drug treatment program; (2) failure to participate in an approved mental health treatment program; (3) failure to follow the instructions of his probation officer; and (4) failure to report to his probation officer. Three days later, USPO filed a supplemental report, which charged defendant with two, additional violations: (5) commitment of a crime while on supervised released and (6) leaving the *99 judicial district without the probation officer’s permission.
The parties appeared before the District Court on February 29, 2008. Though defendant had been appointed counsel and was offered the assistance of stand-by counsel, he decided to represent himself. The government called as a witness defendant’s probation officer, who stated that he had referred defendant to a center for mental health and drug treatment (the “Treatment Center” or “Center”), but that defendant had stopped going shortly after his initial appointment. The probation officer testified that staff members of the Center had found defendant to be “abusive” during his short time there, Appellant’s App. at 53, and the government offered into evidence the Center’s report on defendant. The probation officer went on to testify that defendant had left him voice messages in the fall of 2007 indicating that he would not be reporting to his probation meetings. The government moved to admit the messages into evidence, though defendant objected on the ground that he had not previously reviewed them. The District Court allowed the government to play recordings of the messages pending a ruling on defendant’s objection, and the defendant subsequently stated that he no longer objected to their admission. Following the probation officer’s testimony, defendant and his stand-by counsel made statements on defendant’s behalf. The District Court then found that “the violations as charged have been established.” Id. at 76. After healing further from both parties, the District Court sentenced defendant to 24 months imprisonment.
Defendant argues that he was denied his right to due process at the revocation hearing principally because (1) he was not provided with sufficient notice of the violation charges, (2) he was not provided with sufficient notice of the evidence against him, (3) and the District Court permitted defendant’s probation officer to “read into the record the hearsay statements contained in the unsigned Treatment Center’s Termination Report and to testify concerning hearsay statements of Treatment Center staff members.” Appellant’s Br. at 20. We consider each point in turn.
First, because defendant did not make the argument that he lacked sufficient notice of the violation charges before the District Court, this claim is subject to plain error analysis. See United States v. Aspinall, 389 F.3d 332, 341 (2d Cir.2004) (“A plain error is one that prejudicially affected the defendant’s ‘substantial rights’ and ‘seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.’ ” (quoting United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993))), abrogated on other grounds by United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), as recognized in United States v. Fleming, 397 F.3d 95, 99 & n. 5 (2d Cir.2005). The record reveals that defendant reviewed the first four charges against him at his arraignment, and then reviewed all six charges with his stand-by counsel at the February 29, 2008 hearing. The record further shows that stand-by counsel asked the District Court for an adjournment of one month so that she and defendant could discuss the case further, but that defendant stated, “[n]o. I want to do it today.” Appellant’s App. at 42. In light of the fact that defendant could have had more time to review the charges but did not do so because of his own request to proceed with the hearing, defendant cannot demonstrate plain error. See United States v. Young, 745 F.2d 733, 752 (2d Cir.1984) (“[N]ot even the plain error doctrine permits reversal on the ground that the trial court granted a defendant’s request. ... ‘[A]n invited error generally *100 does not require reversal, ie., appellant cannot now complain that the court gave an instruction which he requested.’ ” (quoting United States v. Wiggins, 530 F.2d 1018, 1020 (D.C.Cir.1976))).
Second, the record reveals that defendant explicitly withdrew his objection to the admission of the recordings of the voice mail messages he left for his probation officer. Appellant’s App. at 59. Accordingly, he has waived the argument that he was not provided with sufficient notice of those recordings. See Olano, 507 U.S. at 733-43, 113 S.Ct. 1770 (holding that the “intentional relinquishment or abandonment of a known right” is not appealable).
Third, because defendant did not object on hearsay grounds to the introduction of the Treatment Center’s report, or to the probation officer’s testimony regarding comments made by the Center’s staff, these claims are also subject to plain error analysis. See Aspinall, 389 F.3d at 341. We further note that “in revocation proceedings[,] the normal evidentiary constrictions should be relaxed.” Id. at 345. In light of these circumstances, we conclude that the District Court did not err in accepting the probation officer’s proffer regarding the origin of the report as a sufficient foundation for its admission into evidence. We also conclude that, even assuming it was error to allow the probation officer’s testimony regarding the statements of the Treatment Center’s staff, such error was clearly harmless in light of the other evidence admitted at the hearing, including the Center’s report, that supported the District Court’s determination that defendant had failed to participate in mental health and drug treatment programs.
Finally, we consider defendant’s argument that his sentence of 24 months was substantively unreasonable because it was twice the length of the highest end of the guidelines range. In reviewing such a claim, “we will not substitute our own judgment for the district court’s on the question of what is sufficient to meet the § 3553(a) considerations in any particular case,” and will “set aside a district court’s substantive determination only in exceptional cases where the trial court’s decision cannot be located within the range of permissible decisions.” United States v. Cavern, 550 F.3d 180, 189 (2d Cir.2008) (en banc) (internal quotation marks omitted). In light of the circumstances surrounding defendant’s violations, as well as his criminal history, we cannot conclude that the District Court’s sentence was outside the broad “range of permissible decisions.” Id.

CONCLUSION

We reject all of defendant’s claims on appeal. Accordingly, the judgment of the District Court is AFFIRMED.