09-3966-cr
United States v. Benjamin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand ten.

PRESENT:
>             RALPH K. WINTER,
>             PETER W. HALL,
>                     *Circuit Judges*,
>             MIRIAM GOLDMAN CEDARBAUM,[*]
>                     *District Judge*.

_____

UNITED STATES OF AMERICA,
>                     *Appellee,*

>             v.                                                      No. 09-3966-cr

JOSEPH BENJAMIN,
>                     *Defendant-Appellant.*

_____

---

[*] The Honorable Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLEE:                                    LORETTA E. LYNCH, United States Attorney for the Eastern District of New York (Susan Corkery, Karin Orenstein, Assistant United States Attorneys, Of Counsel, *on the brief*).


FOR DEFENDANT-APPELLANT:            FLORIAN MIEDEL, New York, NY.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*). **UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Joseph Benjamin ("Benjamin") claims that the district court abused its discretion in imposing a twelve-month sentence for defendant-appellant's violations of supervised release. We assume the parties' familiarity with the facts, procedural context, and specification of appellate issues.

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). We have previously held that "reasonableness" review is akin to review for "abuse of discretion." *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). The deference we accord a district court's sentence is such that we will set aside its "substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and italics omitted). Finally, we have recognized that a sentencing court's explanation for a sentence on a

revocation of supervised release that is above the sentence recommended in the Guidelines' non-binding policy statements need not be as detailed as its explanation for an upward departure in sentencing after conviction. *United States v. Verkhoglyad*, 516 F.3d 122, 132-33 (2d Cir. 2008).

After careful review of Benjamin's arguments and the appellate record, we hold that the district court did not abuse its discretion in sentencing defendant-appellant to twelve months' imprisonment, followed by two years of supervised release. Benjamin first argues that the district court improperly considered unproven factual allegations concerning an alleged assault. This argument is without merit. Having reviewed the sentencing transcript, we conclude that the district court weighed several legitimate considerations in making its decision regarding the sentence. The court also specifically disclaimed reliance on the alleged assault: "*[W]hether or not you are guilty of the assault* . . . we were ready to have a hearing on that and we could have proceeded on that." (emphasis added). What appears to have motivated the district court was the fact that Benjamin left the district with knowledge that he had not complied with the terms of his supervised release.[1] The court stated:

> I do take very seriously and I find it quite egregious to leave the district. . . .
> [Y]ou left the district, you left the state, not just leaving the district and being
> somewhere findable within New York, but you also knew that you had not been
> in compliance with some of your other conditions of supervised release. And I do
> think that's serious, especially given the prior history here of failure to adhere to
> your supervised release.

---

[1] For example, Benjamin did not complete his court-mandated substance abuse program due, in substantial part, to the fact that he left the judicial district.

3

In light of the totality of the circumstances, *see United States v. Williams*, 524 F.3d 209, 214 (2d Cir. 2008), we conclude that in imposing the sentence the district court did not rely on unproven facts and did not exceed the bounds of its discretion.

Benjamin next argues that the district court abused its discretion by placing undue emphasis on the fact that the instant violation of the terms of supervised release constituted a *second* such violation without considering how the initial serious violation of supervised release (home invasion burglary) differed from the "minor violations" associated with the instant case. This argument is similarly without merit. As noted above, the district court is entitled to substantial deference as long as its sentence is within the broad "range of permissible decisions." *Cavera*, 550 F.3d at 189. We have previously held that, considered on their own, violations of the conditions of supervised release such as leaving the judicial district without permission and failing to participate in an approved drug treatment program are sufficient grounds for upward departures from the Sentencing Guidelines. *See, e.g.*, *United States v. Baur*, 321 F. App'x. 97, 100 (2d Cir. Apr. 17, 2009) (affirming a sentence that was twice the length of the highest end of the guidelines range). In the instant case, due to the circumstances surrounding his violations, as well as his substantial criminal history, we conclude that it was well within the district court's sound discretion to sentence Benjamin to a term that was three months more than the top end of the guidelines range.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4