08-5684-cr
United States v. Lee

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the third day of March, two thousand and ten.

PRESENT:

      JOSÉ A. CABRANES,
      BARRINGTON D. PARKER,
            *Circuit Judges*,
      EVAN J. WALLACH,
            *Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee*,

      -v.-                            No. 08-5684-cr

MARK LEE,

      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Robert J. Boyle, New York, NY. |
| **FOR APPELLEE:** | Margaret Garnett, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New |

---

[*] The Honorable Evan J. Wallach, of the United States Court of International Trade, sitting by designation.

York, Katherine Polk Failla, Assistant United States Attorney, *of counsel*) Office of the United States Attorney for the Southern District of New York, NY.

Appeal from a November 13, 2008 order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Mark Lee ("defendant") was convicted pursuant to a guilty plea and cooperation agreement with the government of eight counts of an indictment, including conspiracy to commit robbery, attempted robbery, using, carrying, and discharging a firearm during the course of the attempted robbery, being an alien in possession of a firearm, conspiracy to distribute marijuana, and using and carrying a firearm in furtherance of that distribution. On June 4, 2007, the District Court sentenced defendant to a term of time served, which reflected approximately 48 months' imprisonment, to be followed by a lifetime term of supervised release. On November 7, 2008, the District Court found that defendant had violated his supervised release on two specifications: (i) defendant had associated with persons engaged in criminal activity, and (ii) defendant had frequented a place where controlled substances were illegally sold or used. The District Court sentenced defendant to a term of five years' imprisonment, with a continued lifetime term of supervised release to follow. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

On appeal, defendant argues principally that (1) the government failed to prove the two violations of supervised release, and thus that the District Court erred in finding defendant guilty of both violations; and (2) the five-year sentence imposed on defendant was substantively unreasonable.

We review a District Court's finding of a violation of supervised release for "abuse of discretion" and its factual findings for clear error. *See United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted). The government need only prove violations of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3); *Carlton*, 442 F.3d at 806-07. After two days of hearings, the District Court thoroughly enumerated findings of fact on the record, *see* App'x 139-40, after receiving and reviewing documentary evidence provided at the hearing.[1] Beyond the documentary evidence provided, on which the District Court relied, the Court was also familiar with certain relevant

---

[1] Those facts included defendant's identification through DNA taken from a blood trail at the scene of the murders of two drug dealers, with one of whom he admitted socializing, and a medical examiner's conclusion that puncture wounds that defendant had identified to investigating officers as a "basketball" injury were, in fact, bullet entry wounds.

2

facts and participants, having presided over a related trial in which defendant testified, and having sentenced the defendant in 2007. Based on the record before us, we cannot say that the District Court erred in its factual findings or "abused its discretion" in concluding that defendant violated his supervised release conditions.

Defendant also challenges the reasonableness of his sentence as a whole. After *Booker*, we review a sentence imposed for violation of supervised release for reasonableness. *See United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008); *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable."). We have previously held that "reasonableness" review is akin to review for "abuse of discretion." *See United States v. Fernandez*, 397 F.3d 95, 100 (2d Cir. 2005). We have also recognized that a sentencing court's explanation for a sentence on a revocation of supervised release that is above the sentence recommended in the Guidelines' non-binding policy statements need not be as detailed as its explanation for an upward departure in sentencing after conviction. *See Verkhoglyad*, 516 F.3d at 133; *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997).

In the instant case, the record shows that the District Court duly considered the Section 3553 factors and the facts relevant to defendant's sentence, and stated its reasons for imposing the sentence it did—particularly focusing on the "prompt and complete contempt for . . . the court's trust." *See Verkhoglyad*, 516 F.3d at 132. Accordingly, we cannot say that the District Court "abused its discretion" in imposing a five-year sentence on defendant in light of the circumstances and facts in the record.

## CONCLUSION

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3