UNITED STATES of America,
Appellee,

v.

Darwin McNEIL, Defendant,

Germaine Robinson, Defendant–
Appellant.

Docket No. 04–6664.

United States Court of Appeals,
Second Circuit.

Argued: July 13, 2005.

Decided: July 20, 2005.

Brian M. Melber, Personius Melber LLP, Buffalo, N.Y., for Defendant–Appellant.

James P. Kennedy, Jr., Assistant United States Attorney for the Western District of New York, (Michael A. Battle, United States Attorney for the Western District of New York) Buffalo, N.Y., for Appellee.

Before: JACOBS, POOLER, Circuit Judges, HURD, District Judge.*

JACOBS, Circuit Judge.

In this appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*) revoking supervised release, Germaine Robinson argues [i] that the charging document afforded inadequate notice of the alleged violation of release; [ii] that the

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

sentence must be vacated under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the incremental 15–month sentence, when added to the 33 months already served, exceeded the 41–month maximum range applicable to the original conviction under the United States Sentencing Guidelines ("Guidelines"); and [iii] that the District Court erroneously classified the violation as Grade A under Guidelines § 7B1.1 rather than Grade B, and for that reason imposed an impermissible sentence. We reject the first two challenges, but because the District Court erred in classifying Robinson's violation, we remand with instructions to vacate and re-sentence.

Upon Robinson's 1999 plea to one count of possession of cocaine base with intent to distribute, he was sentenced to 33 months (the bottom of the applicable Guidelines range), to be followed by a five-year period of supervised release. Supervised release began September 24, 2003. On March 24, 2004, Robinson was charged by petition with various violations of his supervised release. The only charge at issue on appeal is that Robinson violated the condition that he not commit another offense by committing "[o]n 2/3/04 ... the crime of Possession of Cocaine Base."

The petition further specified: that "[o]n February 3, 2004 at approximately 9:40 p.m.," Robinson was in the front passenger seat of a vehicle in which police found several baggies of cocaine; that the house in front of which the vehicle was initially spotted was known to the police as one that had been used in the drug trade; and that when Robinson was taken into custody, he said he wanted to cooperate, and confided that (while on supervised release) he had been purchasing drugs on a weekly basis. (He later disavowed these statements.)

In the wake of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Robinson demanded that the violation of release be submitted to a jury, and be subject to proof beyond a reasonable doubt. The District Court denied the motion on September 1, 2004, pursuant to this Court's decision in *United States v. Mincey*, 380 F.3d 102 (2d Cir.2004), *cert. granted, judgment vacated* —— U.S. ——, 125 S.Ct. 1071, 160 L.Ed.2d 1053 (2005).

At the hearing on November 4, 2004, Robinson asked that the charge be dismissed on the ground that the charging instrument was insufficiently specific. The hearing proceeded without a ruling on this request. As to the first charge, the Government presented evidence along the lines of the allegations in the charging instrument.

The Court found that Robinson had possessed cocaine base in violation of both N.Y. Penal Law § 220.03 and 21 U.S.C. § 844(a). Although Robinson insisted that the seized drugs were not his, the court inferred knowing possession from Robinson's (recanted) admissions concerning drug trafficking. The Court also concluded that the defendant had (as charged) violated his curfew on two occasions.

As to sentencing, Robinson argued that the drug violation was a Count B violation under the Guidelines, subject to a range of 4 to 10 months' imprisonment; the District Court determined that it was a Grade A violation, subject to a range of 12 to 18 months. *See* U.S.S.G. § 7B1.1, p.s. § 7B1.4, p.s. The Court considered going above the Guidelines range, but sentenced Robinson to 15 months, based on mitigating factors. Judgment was entered December 17, 2004.

**I**

Robinson argues that the charging petition for the revocation of supervised

release violated Fed.R.Crim.P. 32.1(b)(2)(A) and Due Process because it failed to specify the statute that Robinson was accused of violating. We review this challenge *de novo. See, e.g., United States v. Ramos*, 401 F.3d 111, 115 (2d Cir.2005).

■ Due Process requires that a defendant receive written notice of the charges against him before his release is revoked. *See United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir.2004). Likewise, Rule 32.1(b)(2)(A) requires "written notice of the alleged violation." A charging petition is adequate if "it identifies the no-further-crime condition as the condition allegedly violated, identifies the crime allegedly committed, and contains a description of the basic facts underlying the new criminal charge, including the approximate dates of the events, the location at which they occurred, and the individuals involved." *Chatelain*, 360 F.3d at 121.

■ Robinson argues that unless a petition cites the statute that was violated, the defendant lacks adequate notice of the elements of the crime against which he must defend. However, despite the lack of citation to a statute in the charging document here, the phrase "possession of cocaine base" gave adequate notice of the elements of the offense charged. As the Ninth Circuit has recommended, the Government should "generally ... provide a defendant with notice of the specific statute violated." *United States v. Havier*, 155 F.3d 1090, 1093 n. 3 (9th Cir.1998). But we need not decide whether the District Court must require that disclosure: the petition identified the offense ("crime of Possession of Cocaine Base") in terms sufficient to reflect its elements; so any possible error was harmless. *See United States v. Verduzco*, 330 F.3d 1182, 1184 (9th Cir.2003).

## II

■ Robinson argues that under *Booker*, it was for a jury to determine beyond a reasonable doubt whether he violated his supervised release, because the sentences imposed—(i) for the initial conviction and (ii) for violation of supervised release— exceeded in the aggregate the Guidelines range applicable at the initial conviction. The Guidelines range for the initial conviction specified a sentence of up to 41 months; Robinson served 33 months before commencing supervised release; the court imposed a sentence of 15 months on revocation. Robinson's contention is that under *Booker* no such sentence (based on judicial findings by a preponderance) could exceed eight months.

■ This Court considered the supervised release scheme generally in the wake of *Booker* in *United States v. Fleming*, 397 F.3d 95 (2d Cir.2005). *Fleming* upheld a sentence for violation of release as reasonable, *id.* at 100–01, expressing the view that because sentences for violation of supervised release have always been discretionary, they are essentially unaffected by *Blakely, Booker*, and this Court's decision in *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). *Fleming*, 397 F.3d at 97–98, 101. We follow *Fleming* and conclude that supervised release remains unaffected by *Booker. See Fleming*, 397 F.3d at 97–99. But, as Robinson emphasizes, the supervised release scheme is in some tension with the rationale of *Blakely* and *Booker*.

*Blakely* suggests that the discretionary decision to grant or revoke parole is distinct from sentencing and does not suffer from the analogous Sixth Amendment infirmity. *Blakely*, 542 U.S at ——, 124 S.Ct. at 2540. But parole (unlike supervised release) is an interval during which the defendant could continue to be held in prison based on his original conviction alone; so the decision to grant or revoke

parole only affects the time served in prison within the parameters of the prison sentence originally authorized by the crime of conviction. Imprisonment for a violation of supervised release of course can exceed those parameters, *see United States v. Wirth,* 250 F.3d 165, 170 n. 3 (2d Cir.2001), and if a sentence for violation of supervised release were nothing but a sentencing enhancement, beyond the punishment justified by the conviction, it could be constitutionally infirm.

Supervised release is not an enhancement of the original sentence. Though supervised release is "part of the penalty for the initial offense," *Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000), the imposition of supervised release and the sanctions for violation are authorized by a statute and Guidelines scheme that is separate from the regime that governs incarceration for the original offense, *see* 18 U.S.C. § 3583, and the supervised release scheme serves purposes distinct from the goals of the original punishment, *United States v. Pettus,* 303 F.3d 480, 486 (2d Cir.2002). Supervised release is imposed as part of the original sentence, but the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast. *Wirth,* 250 F.3d at 170 n. 3; *see also Fleming,* 397 F.3d at 97–98.

At the same time, a violation of supervised release is not a separate basis for criminal punishment that requires a jury verdict and all that that entails. *See United States v. Meeks,* 25 F.3d 1117, 1123 (2d Cir.1994) *abrogated on other grounds, Johnson v. United States,* 529 U.S. 694, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Imposition of supervised release is authorized by the original conviction, and so too are the consequences of its violation. Rev-

ocation required only a finding "by a judge under a preponderance of the evidence standard." *Johnson,* 529 U.S. at 700, 120 S.Ct. 1795.

Under current law, imprisonment for violation of supervised release may exceed the time that the defendant could have been jailed on his original conviction. *Wirth,* 250 F.3d at 170 n. 3. Robinson's sentence for revocation of supervised release is therefore without *Booker* error.

We are not inclined to extend the sweep of *Booker* and *Blakely* to an area of law that is up to now undisturbed. Robinson's challenge to the constitutionality of his sentence is rejected.

### III

▬ Robinson argues that his sentence for committing a Grade A felony in violation of his supervised release is erroneous because the violation charged (and that he was found to have committed) is classified as Grade B. *See* U.S.S.G. § 7B1.1. The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable. *United States v. Fleming,* 397 F.3d 95, 99 & at n. 5 (2d Cir.2005). In imposing a sentence for violation of supervised release, the sentencing judge may freely impose a term lower or higher than the recommended Guidelines range, but must start with a legally correct interpretation of the Guidelines. *See United States v. Kingdom,* 157 F.3d 133, 136 (2d Cir.1998). We review the District Court's Guidelines interpretation *de novo. See, e.g., United States v. Rubenstein,* 403 F.3d 93, 99 (2d Cir.2005). "An error in determining the applicable Guideline range" may render the ultimate sentence unreasonable under *Booker. United States v. Selioutsky,* 409 F.3d 114, 118–19 (2d Cir.2005).

Section 7B1.1(a) of the Guidelines recommends sentencing ranges for violation of supervised release based on alphabetical classifications. Thus a Grade A violation is defined as (*inter alia*) "a controlled substance offense" that is "punishable by a term of imprisonment exceeding one year." Because Robinson was already a felon, his violation of 21 U.S.C. § 844(a) was punishable by more than a year. However, Guidelines § 4B1.2 defines "controlled substance offense" to include, *inter alia,* (i) distribution or (ii) possession with intent to distribute. Grade B, which covers any other offense punished by imprisonment exceeding one year, therefore applies to simple possession in violation of 21 U.S.C. § 844(a). *See* U.S.S.G. § 7B1.1, Application Note 3 (instruction that definitions of offenses in § 4.B.2 are to be applied in determining offense level for § 7B1.1). The Government on appeal concedes as much. The Government makes three arguments for affirming nevertheless. First, the Government argues that the criminal conduct described at Robinson's revocation hearing is Robinson's "actual conduct" within the meaning of the relevant Application Note, and supports classification of the revocation violation as Grade A:

> Under 18 U.S.C. §§ 3563(a)(1) and 3583(d), a mandatory condition of probation and supervised release is that the defendant not commit another federal, state, or local crime. A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct. The grade of violation does not depend upon the conduct that is the subject of criminal charges or of which the defendant is convicted in a criminal proceeding. Rather, the grade of the violation is to be based on the defendant's actual conduct.

U.S.S.G. § 7B1.1, Application Note 1. The evident purpose of this passage is to assure that the grade classification rests on the "actual conduct" underlying the charged violation supporting the revocation of release regardless of whether or how the defendant may be charged in a criminal prosecution for the same underlying conduct. The Government misreads the Note to mean that the grade classification can be based on the description of Robinson's "actual conduct" as trafficking even though the violation charged in the petition was simple possession. Allowing Robinson to be sentenced for a trafficking violation would arguably violate Due Process because the petition may not have afforded sufficient notice of the more serious charge.

It does not matter that there was evidence of trafficking; the District Court adjudged *only* that Robinson violated the statute that forbids simple possession. The appropriate Guidelines range was that for simple possession and thus Grade B.

Second, the Government argues that any error is inconsequential because the court was not required to sentence Robinson within the recommended range. We disagree. In light of this court's recent *Crosby* jurisprudence, reliance on (or consideration of) an inapplicable Guidelines range is reversible error even though the District Court in its discretion could have imposed the same sentence and could do so again on remand. *See, e.g., United States v. Savarese,* 404 F.3d 651, 656 (2d Cir.2005) (requiring resentencing where the court misapprehended the applicable Guidelines range, even though the court could have, in its discretion, given the same sentence); *see also Selioutsky,* 409 F.3d at 118 ("An error in determining the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render

a sentence unreasonable under *Booker*."). Here, vacatur is justified because the District Court expressly relied on the inappropriate range in determining Robinson's sentence. *Savarese*, 404 F.3d at 651.

Finally, the Government contends that any error was harmless because Robinson was adjudged to have committed two other violations that he has not challenged on appeal. However, Guidelines § 7B1.1(b) provides that where there are multiple violations of probation, the relevant Grade for sentencing is the one covering the most serious offense. Since Robinson's other violations are Grade C, the grade classification that controls is that for the drug offense. The Guidelines make no provision for combining offenses in order to get a longer recommended sentence, though presumably the court could have determined in its discretion that Robinson's multiple violations justified a longer sentence.

For the foregoing reasons, we remand with instructions to vacate and re-sentence. Since the recommended range for a Grade B offense is four to ten months, and Robinson has already served nine months, the mandate shall issue forthwith.