**UNITED STATES of America,**
**Appellee,**

v.

**Donnell W. McCASKILL, Defendant–**
**Appellant.**

**No. 05–3688–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 30, 2006.

Barry M. Fallick, Trisha E. LaFache, Rochman, Platzer, Fallick, Sternheim Luca & Pearl, New York, NY, for Defendant–Appellant.

Nicole Boeckmann, David C. James, Assistant United States Attorneys for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. JED S.

**22**

RAKOFF, District Judge.*

### SUMMARY ORDER

Defendant–Appellant Donnell W. McCaskill appeals from a judgment entered July 13, 2005, in the United States District Court for the Eastern District of New York (Irizarry, *J.*), finding him in violation of the conditions of his supervised release. The District Court imposed a sentence of 36 months' imprisonment and two years' supervised release. On appeal, McCaskill contends that the district court erred in classifying his possession offense as a Class A violation, rather than a Class B violation, under United States Sentencing Guideline ("U.S.S.G.") § 7B1.1. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

While on supervised release, McCaskill was charged by the Probation Department with violating a condition of that release by possessing cocaine. After a hearing, the district court held that the government had met its burden of demonstrating that the defendant had violated this condition by possessing cocaine. The district court then concluded that this offense constituted a Grade A violation under U.S.S.G. § 7B1.1, which provides the Sentencing Guidelines' system for classifying supervised release violations, and calculated the relevant Guidelines range on the basis of that determination.

Shortly after the district court sentenced McCaskill, we issued *United States v. McNeil*, 415 F.3d 273 (2d Cir.2005). In *McNeil*, we held that, for purposes of U.S.S.G. § 7B1.1, (1) a district court may classify supervised release violations based

only on the offense charged in the violation report and the offense which the court adjudged the defendant to have committed, and not on evidence adduced at a revocation hearing, and (2) that the crime of simple possession constitutes a Grade B violation. *Id.* at 277–79.

In light of *McNeil*, the government concedes that the district court's classification of McCaskill's possession offense as a Class A violation instead of a Class B violation amounted to plain error and that, as a result, the case must be remanded for resentencing. We agree. Accordingly, we VACATE the sentence and REMAND for resentencing.