UNITED STATES of America,
Appellee,

v.

Peter SANDERS, Defendant–Appellant.

No. 06–2403–cr.

United States Court of Appeals,
Second Circuit.

March 13, 2008.

Jeremiah Donovan, Old Saybrook, CT, for Defendant–Appellant.

John Zack, Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY.

Present: Hon. JOSEPH M. McLAUGLIN, Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. BRIAN M. COGAN, District Judge.[1]

### SUMMARY ORDER

Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

In June 2005, Defendant–Appellant Peter Wilmer Sanders[2] had been serving a

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

2. Sanders is also sometimes referred to in court documents as "Wilmer Peter Sanders."

term of supervised release in the Southern District of New York for a prior conviction when he attacked two women, one of whom he was dating. After his incarceration, Sanders was arrested for writing to the woman he was dating, in violation of a court order. Sanders pleaded guilty to third degree assault and second degree criminal contempt of a court order in New York State Supreme Court and was sentenced to twelve months and three months of incarceration for these offenses, respectively. The offenses served as the basis for "specifications" noted in an Amended Request for Court Action filed in the district court by the Probation Office. After Sanders admitted to the specifications, the district court revoked his supervised release and sentenced him to eighteen months of incarceration and five years of supervised release.[3]

■ On appeal, Sanders challenges his sentence on two grounds, alleging: (1) that the court considered the seriousness of the offenses that led to revocation of his supervised release, even though "seriousness" is not listed among the factors that district courts are permitted to consider in rendering sentences pursuant to revocations of supervised release under 18 U.S.C. § 3583(e); and (2) that the district court failed to offer specific reasons under 18 U.S.C. § 3553(c)—either in its in-court statement, or in writing—for the revocation sentence it imposed.

*United States v. Williams*, 443 F.3d 35, 47–48 (2d Cir.2006) refutes Sanders' first claim. There, we rejected an argument materially indistinguishable from the one Sanders advances here, holding that even though "seriousness of offense" is not among the enumerated factors that district courts are instructed to consider under § 3583(e), district courts are not *precluded* from considering the seriousness of such offenses in issuing revocation sentences. *Id.* We reached that conclusion through examination of the factors that § 3583(e) (by reference to other sections of Title 18) permits courts to consider in issuing revocation sentences—among them, "the nature and circumstances of the offense," § 3553(a)(1); "the need for the sentence imposed ... to afford adequate deterrence," § 3553(a)(2)(B); and "the need for the sentence imposed ... to protect the public," § 3553(a)(2)(C). *Williams*, 443 F.3d at 48.

As we concluded in *Williams*, since district courts may consider these factors, it is also permissible for them to consider the seriousness of the offense leading to revocation. *Id.* Indeed, we concluded that it is rather difficult to imagine how courts could *not* also consider seriousness while considering several of the factors contemplated by § 3583(e). *Id.* Unsurprisingly, we found that legislative history also supports that sensible conclusion. *Id.*

Accordingly, we conclude that it was not error for the district court to consider the seriousness of Sanders' offenses in determining an appropriate revocation sentence. Furthermore, after review of Sanders' revocation sentence under the standard of reasonableness that we have said applies to such sentences, *see United States v. McNeil*, 415 F.3d 273, 277 (2d Cir.2005), we also conclude that the sentence was reasonable.[4]

---

3. The eighteen month sentence was five months above the advisory range of seven to thirteen months established by the United States Sentencing Guidelines, and six months below the twenty-four months recommended by the Probation Office.

4. Because Sanders' original conviction for his first term of supervised release was for a Class A felony, the district court was permitted by statute to sentence him to a maximum of five years' incarceration, upon revocation

Sanders' second argument—one he admittedly failed to raise before the district court—is that his case should be remanded for resentencing due to the district court's failure to state its specific reasons for the revocation sentence "in open court" pursuant to § 3553(c), and in writing, pursuant to § 3553(c)(2). The government asserts that the district court's stated reasons in open court "were more than sufficient," but consents to a remand for the limited purpose of allowing the district court to state the specific reasons for its sentence in writing.[5]

Section 3553(c) requires a "court, at the time of sentencing, . . . [to] state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Furthermore, if such sentence is beyond the advisory guidelines range, § 3553(c)(2) requires that the court provide "the specific reason for the imposition of a sentence different from that described" by the guideline range, and "with specificity in the written order of judgment and commitment." *Id.* at § 3553(c)(2).

Prior to rendering its sentence, the district court noted Sanders' failure to change his behavior after a "long period" of prior incarceration, the seriousness of the underlying state crime that precipitated revocation proceedings,[6] and Sanders' substantial criminal history (involving ten prior convictions). We agree with the government that the district court's open court statement—brief though it was—was adequate for § 3553(c) purposes.

We agree with Sanders, however, that, because the district court's sentence was outside the advisory guideline range of seven to thirteen months,[7] § 3553(c)(2) required that the district court's specific reasons for departing from that range be recorded in writing. In view of the government's concession to a limited remand in order to allow the district court to correct this error, and the small effort to which it will put the district court upon remand, we see no need to determine whether Sanders' failure to raise this issue below was "plain error."

Accordingly, we **AFFIRM** the judgment of the district court and **REMAND** for the limited purpose of affording the district court an opportunity to record its specific reasons for the revocation sentence in writing.[8]

of his supervised release. *See* 18 U.S.C. § 3583(e)(3).

5. The government, in fact, takes the position that remand is "required," Appellee's Br. at 14 and is "necessary," Appellee's Br. at 18.

6. We note that there is some ambiguity in the district court's observation that Sanders "got into this serious problem and . . . lost control." J.A. at 29. The "serious problem" to which the district court referred may have been Sanders' drug use, which apparently led to the initial violent conduct that prompted revocation proceedings, rather than the charged revocation conduct itself. As we have discussed above, however, even if the "serious problem" *was* Sanders' offense conduct, *Williams* clearly permitted the district court to take this into account.

7. This range was established by virtue of Sanders' Grade C violation of the conditions of his supervised release, and his criminal history category of V. *See* U.S.S.G. § 7B1.4(a).

8. Although we are informed by Sanders' counsel's brief that Sanders has submitted additional *pro se* arguments, we have received none, despite our prior order permitting such submission.