**UNITED STATES of America,**
**Appellee,**

v.

**Warren FLEMING, Defendant–**
**Appellant.**

**No. 06–4412–cr.**

United States Court of Appeals,
Second Circuit.

April 14, 2008.

Nicole Boeckmann, Assistant U.S. Attorney (Evan C. Williams, David C. James, Assistant U.S. Attorneys, Roslynn R. Mauskopf, U.S. Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Appellee.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Warren Fleming appeals from a judgment of the District Court, revoking Fleming's supervised release and sentencing him to forty-eight months' imprisonment on the ground that he violated his conditions of release by committing additional state crimes. Fleming contends that it was plain error for the

District Court to find, by a preponderance of the evidence, that he had committed these crimes because the Fifth and Sixth Amendments to the U.S. Constitution require that a jury make such findings beyond a reasonable doubt.

We have previously considered and rejected Fleming's contention. *See United States v. Carlton,* 442 F.3d 802, 809 (2d Cir.2006) ("Given a prior conviction and the proper imposition of conditions on the term of supervised release, when a defendant fails to abide by those conditions the government is not then put to the burden of an adversarial criminal trial. Instead, there is, as in this case, a revocation of release hearing at which, as the Supreme Court instructs, neither the right to a jury trial, nor proof beyond a reasonable doubt is required."); *United States v. McNeil,* 415 F.3d 273, 277 (2d Cir.2005) ("[A] violation of supervised release is not a separate basis for criminal punishment that requires a jury verdict and all that entails.").

Recognizing that these precedents remain in force within our circuit, Fleming urges us to reverse our prior holdings, but he fails to offer a persuasive reason—and we are aware of none—to do so.

Accordingly, we AFFIRM the judgment of the District Court.