13-2301-cr
United States v. Boyle (Geritano)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

    At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 16th day of April, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                *Chief Judge*,
          JOHN M. WALKER, JR.,
          CHRISTOPHER F. DRONEY,
                *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

          *Appellee*,

          v.                     No. 13-2301-cr

EDMUND BOYLE, AKA Edward, AKA Eddie, JOSEPH
CERBONE, THOMAS DONO, AKA Tommy, ANTHONY
LABARBERA, AKA Woody, JOHN LABARBERA,
JOHN MICALI, RONALD PETRINO, AKA Ronnie, AKA
the Peddler, JOSEPH SPENNATO, AKA Joe Sun, AKA
Little Joe,

          *Defendants*,

BATTISTA GERITANO, AKA Benny,

          *Defendant-Appellant*.

_____

For Defendant-Appellant:    SETH GINSBERG, Law Office of Seth Ginsberg, New York, NY.

For Appellee:    JOHN J. DENNEHY, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Johnson, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Battista Geritano appeals from a judgment entered on May 30, 2013, by the United States District Court for the Eastern District of New York (Johnson, *J.*), revoking his supervised release and sentencing him primarily to twenty-four months in prison. On appeal, Geritano asserts that the supervised release proceedings violated his right to due process because he was never provided with written notice of the charges against him. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Because Geritano did not object at the revocation hearing to the asserted lack of written notice, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). The burden of showing plain error rests on the defendant asserting it. *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004); *United States v. Turner*, 720 F.3d 411, 427 (2d Cir. 2013). "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (quoting *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005) (omission in original)).

2

We agree with Geritano that if the government failed to provide him with written notice of the charges against him before the revocation hearing, then it could have violated his due process rights. *See* Fed. R. Crim. P. 32.1(b)(2)(A); *United States v. McNeil*, 415 F.3d 273, 276 (2d Cir. 2005) ("Due Process requires that a defendant receive written notice of the charges against him before his release is revoked."); *see also Black v. Romano*, 471 U.S. 606, 612 (1985) (noting that a probationer "is entitled to written notice of the claimed violations of his probation"); *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (same); *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (same with respect to parole revocation); *United States v. Sanchez*, 225 F.3d 172, 175 (2d Cir. 2000) ("This Court considers the constitutional protections for revocation of supervised release to be the same as those afforded for revocation of parole or probation."). That failure would satisfy the first two parts of the plain error test, as error that is plain.

The record is unclear as to whether Geritano in fact received adequate written notice before the revocation hearing. *Compare* J.A. 73 (statement by Geritano that he "was never provided with the [report of the] violation in its specificity, before the [revocation] hearing proceeded"), *with* J.A. 77 (statement by Geritano's counsel that he "did in fact see the two specifications").[1] But we need not decide that question; even assuming *arguendo* that Geritano

---

[1] We note that this issue could have been avoided if either the Probation Department or the United States Attorney's Office had simply docketed the petition for revocation of Geritano's supervised release. We have had occasion to recommend this course of action to those entities before:

> It has apparently not been the policy of the Probation Office in the Eastern District of New York to docket [revocation] petitions. We urge the Probation Office of that District, and of all other Districts within this circuit, to take special note of these significant clerical responsibilities that are borne by the Probation Office in the first instance. We also think it advisable, in the interests of justice, that the U.S. Attorney's Office, given its involvement and the formal legal

3

lacked written notice, he has not shown that this error affected his substantial rights or that it seriously affected the fairness, integrity, or public reputation of the proceedings. He therefore fails to satisfy the plain error standard.

In order to show that the error affected his substantial rights, a defendant must generally show "a reasonable probability that the error affected the outcome" of the proceeding. *United States v. Marcus*, 560 U.S. 258, 262 (2010). Geritano argues that the lack of written notice affected his substantial rights for two reasons. First, he contends that he could have used certain statements in the violation of supervised release report ("VOSR report") to impeach the police detective who testified at the revocation hearing. After reviewing the record, however, we are not persuaded that there is a reasonable probability the proceeding would have come to a different outcome if Geritano had been provided with these statements. We conclude that the impeachment value of the statements at issue was quite limited, given that the detective testified consistently with his prior notes and that the statements in the VOSR report were less favorable to Geritano than the detective's testimony. Moreover, due process does not necessarily entitle Geritano to all of the statements in the VOSR report that was prepared in his case; it only entitles him to adequate written notice of the charges against him. *See United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004) (stating that where the alleged violation is the commission of a new crime, the written notice is sufficient if it "identifies the no-further-crime condition as the condition allegedly violated, identifies the crime allegedly committed, and contains a description

training of its Assistants, undertake the filing of such petitions and their supporting documents in aid of future appellate review.

*United States v. Chatelain*, 360 F.3d 114, 122 (2d Cir. 2004). We reiterate that recommendation today.

4

of the basic facts underlying the new criminal charge, including the approximate dates of the events, the location at which they occurred, and the individuals involved"). As such, an adequate written notice of the charges Geritano faced would not necessarily have disclosed the material that could have permitted impeachment of the detective's testimony.

Second, Geritano asserts that he was prejudiced by the lack of written notice because he believed he was appearing for a bail hearing rather than a revocation hearing. We have some difficulty in crediting that assertion, given that Geritano was present in the courtroom when the revocation hearing was scheduled. *See* J.A. 26 ("THE COURT: Do you want to have a hearing on this alleged violation?"); J.A. 28 ("THE COURT: When do you want to have the hearing? . . . THE DEFENDANT: Right now."). In any case, it is clear that Geritano's counsel was aware that the scheduled proceeding was a revocation hearing. To the extent Geritano's counsel failed to communicate that fact to his client, the failure was not caused by any lack of written notice. We therefore reject Geritano's position that the lack of written notice affected his substantial rights.

Finally, even if Geritano could show that the lack of written notice affected his substantial rights, he cannot show that this asserted error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *See Rodriguez*, 725 F.3d at 276. It is clear from the record that Geritano was fully informed of the nature of the charges against him and the basis for those charges. Indeed, Geritano (through counsel) explicitly waived the reading of the charges at his preliminary hearing. Under these circumstances, we are persuaded that "[n]o miscarriage of justice will result here if we do not notice the error." *Johnson v. United States*, 520 U.S. 461, 470 (1997) (internal quotation marks omitted).

We have considered Geritano's remaining arguments and find they lack merit. For the reasons given above, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK