**UNITED STATES of America,**
**Appellee,**

v.

**Kevin COOLBAUGH, Defendant–**
**Appellant.**

No. 14–499–cr.

United States Court of Appeals,
Second Circuit.

Aug. 22, 2014.

Brendan White, White & White, New York, NY, for Appellant.

Brenda K. Sannes, Assistant United States Attorney (Miroslav Lovric, on the brief) for Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellees.

PRESENT: WALKER, RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Kevin Coolbaugh appeals from a fourteen-month sentence imposed in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) for violating the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review a sentence for violation of supervised release using the same standard as for sentences generally: "whether the sentence imposed is reasonable." *United States v. McNeil,* 415 F.3d 273, 277 (2d Cir.2005). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (en banc).

Coolbaugh argues that his within guidelines sentence was procedurally unreasonable because the district court did not adequately explain why it imposed the sentence and "gave no reason to be confident that it considered the 18 U.S.C. § 3553(a)

factors."[1] The district court properly explained the rationale for its sentence. The colloquy was "sufficient to inform the defendant and public of the reasons for the particular sentence and to permit our review for reasonableness." *Verkhoglyad,* 516 F.3d at 133 (internal quotation marks omitted).

Coolbaugh contends that his sentence was substantively unreasonable because "incarceration without treatment" was "unwarranted" and "counterproductive" and that his sentence would unreasonably delay his entry into drug treatment. This argument is unpersuasive. Coolbaugh had a dismal record of drug use and failing to follow through with drug treatment and repeatedly violated the conditions of his supervised release. The district court acted within its broad discretion when it concluded that a period of incarceration was warranted.

Finally, Coolbaugh asserts that he was deprived of his right to effective assistance of counsel when his attorney failed to raise Coolbaugh's "positive attributes" or his "employment record." We disagree. We need not decide whether Coolbaugh can raise an ineffective assistance of counsel claim for a supervised release violation sentencing proceeding, an open question in this circuit, as the representation he received was not deficient and there is no reasonable probability that any different advocacy would have led to a different result. *See Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have considered Coolbaugh's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**

---

1. Coolbaugh did not move in the district court to challenge his sentence's procedural reasonableness; this argument is raised for the first time on appeal and is reviewed for plain error. *United States v. Verkhoglyad,* 516 F.3d 122, 127–28 (2d Cir.2008).