14-499-cr
*United States of America v. Coolbaugh*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of August, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

-v.-                                No. 14-499-cr

KEVIN COOLBAUGH,

*Defendant-Appellant.*

---

FOR APPELLANT:        BRENDAN WHITE, White & White, New York, NY.

FOR APPELLEES:        BRENDA K. SANNES, Assistant United States Attorney (Miroslav Lovric, *on the brief*) *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Kevin Coolbaugh appeals from a fourteen-month sentence imposed in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) for violating the conditions of his supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues for review.

We review a sentence for violation of supervised release using the same standard as for sentences generally: "whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).

Coolbaugh argues that his within guidelines sentence was procedurally unreasonable because the district court did not adequately explain why it imposed the sentence and "gave no reason to be confident that it considered the 18 U.S.C. § 3553(a) factors."[1] The district court properly explained the rationale for its sentence. The colloquy was "sufficient to inform the defendant and public of the reasons for the particular sentence and to permit our review for reasonableness." *Verkhoglyad*, 516 F.3d at 133 (internal quotation marks omitted).

Coolbaugh contends that his sentence was substantively unreasonable because "incarceration without treatment" was "unwarranted" and "counterproductive" and that his sentence would unreasonably delay his entry into drug treatment. This argument is unpersuasive. Coolbaugh had a dismal record of drug use and failing to follow through with drug treatment and repeatedly violated the conditions of his supervised release. The district court acted within its broad discretion when it concluded that a period of incarceration was warranted.

Finally, Coolbaugh asserts that he was deprived of his right to effective assistance of counsel when his attorney failed to raise Coolbaugh's "positive

---

[1] Coolbaugh did not move in the district court to challenge his sentence's procedural reasonableness; this argument is raised for the first time on appeal and is reviewed for plain error. *United States v. Verkhoglyad*, 516 F.3d 122, 127–28 (2d Cir. 2008).

attributes" or his "employment record." We disagree. We need not decide whether Coolbaugh can raise an ineffective assistance of counsel claim for a supervised release violation sentencing proceeding, an open question in this circuit, as the representation he received was not deficient and there is no reasonable probability that any different advocacy would have led to a different result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

We have considered Coolbaugh's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
