14-4775-cr
*United States v. Liu*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*                                      14-4775-cr

v.

YI CHING LIU, AKA JAMES LIU,

*Defendant-Appellant.*

---

**FOR DEFENDANT-APPELLANT:**          Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY.

**FOR APPELLEE:**                     Susan Corkery and Matthew Jacobs, Assistant United States Attorneys, *for* Robert L. Capers, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Yi Ching Liu ("Liu"), also known as James Liu, appeals a judgment of the District Court revoking his term of supervised release and sentencing him principally to 24 months' imprisonment followed by one year of supervised release. The District Court imposed that sentence after Liu admitted violating his supervised release by committing the state-law offense of larceny. Liu argues that the sentence is substantively unreasonable because of his age (66), which he claims makes recidivism less likely; because he has already served 30 months in state prison for the same crime of grand larceny; and because he is addicted to gambling, which he claims reduces his culpability. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We assess the substantive reasonableness of a sentence for violation of supervised release in light of factors set forth by 18 U.S.C. § 3583(e), though we also allow a district court to consider additional factors. *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006). We review the sentence for reasonableness. *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Such review amounts to "a particularly deferential form of abuse-of-discretion review," *United States v. Messina*, ---F.3d---, 2015 WL 7005546, at *4 (2d Cir. Nov. 12, 2015) (internal quotation marks omitted), which "provide[s] relief only in the proverbial 'rare case'" in which "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." (emphasis and internal quotation marks omitted)).

This is not the proverbial "rare case." Liu's 24-month sentence falls within the Guidelines range of 18 to 24 months, "and although we do not presume that a within-Guidelines sentence is substantively reasonable, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Wagner-Dano*, 679 F.3d 83, 95 (2d Cir. 2012) (citation and internal quotation marks omitted). We see nothing to indicate that a within-Guidelines sentence is unacceptably harsh here.

Liu's principal argument is that the District Court erred by failing to consider his gambling addiction. He cites no authority requiring such consideration, nor does he address the Guidelines' statement that "[a]ddiction to gambling is not a reason for a downward departure." U.S.S.G. § 5H1.4. More importantly, his argument lacks any factual basis, because Judge Townes expressly ordered him to "participate in a mental health treatment program to include treatment for gambling addiction" during his supervised release. App. 75.

Liu also argues that the District Court failed to account for his age, which, he claims, makes him less likely to reoffend. That argument is inconsistent with his own repeated assertion—borne out by his persistent recidivism—that he can "not *not* gamble." Liu Br. 6, 19; *see also* App. 30.

In short, Liu has given us no reason to find that the District Court imposed a sentence outside "the range of permissible decisions." *Cavera*, 550 F.3d at 189.

## CONCLUSION

We have reviewed all of the arguments raised by Liu on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 30, 2014 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3