15-2317
*United States v. Kinsey*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**<u>SUMMARY ORDER</u>**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

Present:     ROBERT A. KATZMANN,
                        *Chief Judge*,
                  ROBERT D. SACK,
                  PETER W. HALL,
                        *Circuit Judges*.

UNITED STATES OF AMERICA,

      *Appellee*,

      - v -                                              No. 15-2317

DAMIEN KINSEY,

      *Defendant-Appellant*.

| | |
|---|---|
| For Defendant-Appellant: | Darrell B. Fields, Of Counsel, Federal Defenders of New York, Inc., New York, NY. |
| For Appellee: | Susan Corkery, Mark E. Bini, Assistant United States Attorneys, Of Counsel, *for* Robert L. Capers, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

1

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Damien Kinsey was sentenced to 87 months in prison and three years of supervised release for committing a series of bank robberies in September and October 2006. Five months after he was released in 2013, Kinsey committed another string of bank robberies. Kinsey was arrested and pled guilty to five counts of bank robbery, as well as violating his supervised release. He was sentenced to 60 months' imprisonment and three years' supervised release for the robberies in the United States District Court for the Southern District of New York (Briccetti, *J.*), and sentenced to an additional 24 months' imprisonment to be served consecutively for violating his supervised release in the Eastern District (Amon, *J.*). In this appeal, he challenges the 24-month sentence as substantively unreasonable, arguing that the district court failed to take into account his crack cocaine addiction, his chaotic childhood, and his age. We find that none of these claims have merit and affirm.

We examine the reasonableness of a sentence both for substance, "in light of the factors enumerated under 18 U.S.C. § 3553(a)," and for "the procedures a district court employs in arriving at a sentence." *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "The standard of review on the appeal of a sentence for violation of supervised release is . . . the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

It is rare for this Court to vacate a sentence as substantively unreasonable: "We will . . . set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v.*

2

*Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (citation and internal quotation marks omitted), *cert denied*, 556 U.S. 1268 (2009). Although our review is not a mere "rubber stamp," we have reversed only in "those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 122-23 (2d Cir. 2009).

Kinsey contends that his 24-month sentence is substantively unreasonable because he suffers "from crack-cocaine use disorder and from depression as a result of severe childhood physical and emotional abuse, and these untreated afflictions were significant contributing causes of his criminal behavior." Br. for Def.-Appellant Damien Kinsey 2. He argues that the district court failed to account properly for these mitigating factors. He also points out for the first time on appeal that he will be in his 40s when he finishes his 60-month prison sentence, an age at which defendants are generally less likely to recidivate.

A court sentencing a defendant for violating supervised release is not responsible for punishing the defendant's misconduct; rather, its focus is on the "defendant's breach of trust" in violating the conditions of supervised release. U.S.S.G. Ch. 7, Pt. A (3)(b). As this Court has observed, "[t]he Commission adopted the policy . . . that the primary goal of a revocation sentence ought to be to sanction the violator for failing to abide by the conditions of the court-ordered supervision, in order to account for the breach of trust inherent in failing to appreciate the privileges associated with such supervision. Thus, at revocation the court should sanction primarily the defendant's breach of trust, while taking into account, *to a limited degree*, the seriousness of the underlying violation and the criminal history of the violator." *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007) (citations and internal quotation marks omitted).

Here, as the district court determined, Kinsey breached the court's trust by engaging in the same misconduct for which he was on supervised release in the first place. The district court acknowledged Kinsey's argument that the abuse he suffered as a child should be considered as a mitigating factor, but determined that his background could not excuse his decision to commit five bank robberies within a year of being released from prison. Likewise, the district court discussed at length Kinsey's contention that he had committed his crimes because of his drug addiction, but concluded that it was Kinsey's own fault for failing to avail himself of opportunities for help. The record thus indicates that the district court was well aware of Kinsey's background, but rejected his argument that it should mitigate his serious breach of trust. It is not our role to reweigh the factors that the district court considered in imposing its sentence; "[r]ather, the weight to be afforded any § 3553(a) factor 'is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable.'" *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). Kinsey has provided no reason to suggest that a 24-month sentence is unreasonable for the serious breach of trust he committed by robbing five banks during his supervised release. Nor has he demonstrated that it was plain error for the district court to not consider his age upon release, given his propensity to recidivate.

We have examined the remainder of Kinsey's arguments and are not persuaded by them. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK