20-2656 (L)
*United States v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                   No. 20-2656(L); 21-14(con)

MARLON JOHNSON JR.,

> *Defendant-Appellant.*

_____

FOR APPELLANT:                    Elizabeth M. Johnson, Law Office of
                                  Elizabeth M. Johnson, New York, NY.

FOR APPELLEE:                     Trini E. Ross, United States Attorney,
                                  (Monica J. Richards, Assistant United
                                  States Attorney, *on the brief*), United
                                  States Attorney's Office for the
                                  Western District of New York,
                                  Buffalo, NY.

Appeal from a final judgment of the United States District Court for the Western District of New York (Skretny, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment entered on December 16, 2022, is **VACATED** and the case **REMANDED** for resentencing.

Defendant-Appellant Marlon Johnson, Jr. appeals from a sentence imposed after he was found guilty of violating the terms of his supervised release in connection with a prior conviction. Johnson and the government agree that the district court erred in imposing his sentence. They part ways on the proper disposition by this Court. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

In July 2019, while serving a term of supervised release in connection with a 2014 federal sentence for his underlying convictions, Johnson was arrested by

New York state authorities for, among other things, possession of firearms. This arrest led to state criminal charges in New York, as well as federal charges for violating the terms of his federal supervised release.

In November 2020, following an evidentiary hearing, the district court found Johnson guilty of three charges relating to possession of firearms in violation of his conditions of supervised release. The court subsequently sentenced Johnson to three months' imprisonment, and Johnson appealed.

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable."[1] *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). A district court may exceed its discretion if it commits procedural error, such as "selecting a sentence based on clearly erroneous facts," *Gall v. United States*, 552 U.S. 38, 51 (2007), or basing its exercise of discretion on an error of law, *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020).

The parties agree that the district court erred in imposing the sentence in two ways—the court incorrectly indicated that Johnson was in federal custody at the time of sentencing and that his federal sentence would begin immediately, and

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

it failed to indicate whether its sentence would be concurrent with or consecutive to the anticipated state court sentence.

In fact, at the time the district court sentenced Johnson on the federal violations of his supervised release conditions, Johnson had been in New York State custody for 17 months in connection with the then-unresolved state charges. The district court considered this fact in determining Johnson's federal sentence. But while imposing the sentence, the district court incorrectly assumed that Johnson's federal sentence would begin immediately, as reflected in the following exchange:

> **THE DEFENDANT:** . . . how would the time count when I'm not even in Federal custody?
>
> **THE COURT:** Yeah. You are in Federal custody.
>
> **THE DEFENDANT:** So the three months is about to count?
>
> **THE COURT:** From this day forward, it goes three months forward and that's it, then you are off Federal.

App'x 162. Actually, at the time of his federal sentencing, because Johnson remained in primary state custody, the district court could not order that his federal sentence commence immediately. *See* 18 U.S.C. § 3585(a).[2]

---

[2] On October 19, 2022, Johnson was sentenced on the state court charges to a determinate term of seven years imprisonment, which he is currently serving. He has appealed that state court sentence.

In addition, although both parties agree that the court apparently intended that any federal sentence run concurrent to any state court sentence, the district court did not expressly indicate in court that its sentence should be concurrent. The district court's written sentencing judgment is likewise silent on the matter.

We agree with the parties that remand is required because the sentencing decision was based on a misapprehension of Johnson's custody status, and the sentence failed to address whether it would be concurrent even though it appears the district court may have intended to impose a concurrent sentence. The dispute on appeal is whether, as Johnson argues, we should vacate the district court's sentence and remand for resentencing, or whether, as the government argues, we should remand with instructions to the district court to amend its judgment to specify that the sentence is to run concurrently with any state sentence.

We reject the government's position because it would require us to substitute our best guess as to how the district court intended to exercise its discretion for the district court's. The district court's misunderstanding of the facts and law surrounding Johnson's custody status may well have affected its overall sentencing decision. *See United States v. Montez-Gaviria*, 163 F.3d 697, 703 (2d Cir. 1998) ("When the record is ambiguous as to whether a district court has allowed a

mistake of law to affect its sentencing decision, we have regularly remanded to allow the court to reconsider its decision in light of our correction of the mistake."). And the determination whether to impose a concurrent or consecutive sentence is for the district court, not this court, to make. 18 U.S.C. § 3584(b)[3]; *see United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) ("Where we find significant procedural error, one proper course would be to remand to the district court so that it can either explain what it was trying to do, or correct its mistake and exercise its discretion anew.").

\* \* \*

Accordingly, we **VACATE** the district court's sentencing judgment and **REMAND** for resentencing in light of the above considerations.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The parties' respective arguments as to the proper framework for determining whether to impose a concurrent or consecutive sentence in this case should be directed in the first instance to the district court.

6