23-6650-cr (L)
*United States v. Centeno*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of July, two thousand twenty-five.

Present:

> BARRINGTON D. PARKER,
> WILLIAM J. NARDINI,
> BETH ROBINSON,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.

23-6650-cr (L);
23-6651-cr (Con)

FRANKIE CENTENO,

> *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Jerry J. Fang, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | Darrell Fields, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY. |

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Frankie Centeno appeals from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *District Judge*) entered on June 8, 2023, sentencing Centeno to 51 months of imprisonment, to be followed by three years of supervised release. Centeno pled guilty to one count of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Centeno also admitted to certain specifications charging him with violating the conditions of supervised release for a prior § 922(g)(1) conviction by possessing a firearm. Based on those admissions, the district court sentenced Centeno to an additional 24 months' imprisonment, to be served consecutively to his 51-month sentence. Centeno now appeals both his conviction and sentence. We assume the parties' familiarity with the case.

Centeno primarily argues that his conviction should be vacated because § 922(g)(1) violates the Second Amendment of the Constitution, pursuant to *New York State Rifle & Pistol Ass'n v. Bruen,* 597 U.S. 1 (2022). Where, as here, the defendant raised his constitutional challenge below, "[w]e review de novo a district court's determination that the application of a law does not violate the Second Amendment." *United States v. Jimenez*, 895 F.3d 228, 232 (2d Cir. 2018).[1] We conclude that Centeno's argument is foreclosed by our Court's recent decision in *Zherka v. Bondi*, ___ F.4th ___, 2025 WL 1618440 (2d Cir. June 9, 2025), which rejected an

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

identical argument and upheld the constitutionality of § 922(g)(1). Centeno's challenge to his conviction therefore fails.

Centeno next argues that the additional 24-month sentence for his violation of supervised release was procedurally unreasonable. Sentences imposed for violations of supervised release are reviewed using "the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). Because Centeno did not raise his procedural objection at sentencing, we review his challenge for plain error. *See United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Centeno argues that the district court improperly focused "on retribution" as a basis for imposing his sentence. Appellant Br. at 38; *see also Esteras v. United States*, 606 U.S. ___ (2025) (holding that a district court may not consider retribution vis-à-vis the defendant's underlying criminal offense when imposing a revocation sentence). We disagree. The record shows that the district court imposed the prison term to account not for retributive reasons, but to account for the breach of trust reflected in the "extraordinarily lenient sentence" imposed in connection with Centeno's prior conviction. App'x 206; *see also United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) ("[T]he critical subject under consideration at a revocation proceeding is . . . the breach of trust manifested by the violation."). The district court emphasized that Centeno had received that lenient sentence "with the understanding that the judge could rely on [Centeno's] commitment that [he] would not reengage with this activity," and yet Centeno did reengage in the same criminal activity. App'x 206–07. The district court's sentence therefore was not based on an impermissible consideration.

Finally, Centeno argues that his revocation sentence is substantively unreasonable because it is "unreasonably long" and "should be reserved for the worst of the worst." Appellant Br. at 40. This Court will "set aside a district court's substantive determination only in exceptional cases

3

where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Perez-Frias*, 636 F.3d 39, 42 (2d Cir. 2011). This is not such an exceptional case. The district court appropriately determined that a 24-month term of imprisonment, which was above the suggested Guidelines range of 8 to 14 months, was warranted given Centeno's extensive and serious criminal history and the failure of his prior sentences to deter him from committing further crimes. We discern no error with that determination.

\* \* \*

We have considered Centeno's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4