United States v. Butler

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fourteen

PRESENT: DENNIS JACOBS,
         ROBERT D. SACK,
         CHRISTOPHER F. DRONEY,
                Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
     Appellee,

     -v.-                         13-3189

ROBERT BUTLER,
     Defendant-Appellant,
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             LISA A. PEEBLES (James P. Egan and Randi J. Bianco, on the brief), Federal Public Defender, Syracuse, New York.

FOR APPELLEE:              BRENDA K. SANNES, for Richard S. Hartunian, United States Attorney for the Northern

District of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Robert Butler appeals from the judgment of the United States District Court for the Northern District of New York (Hurd, J.), sentencing him to an 18-month term of imprisonment for violating the conditions of supervised release. Butler argues that the sentence was substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." United States v. McNeil, 415 F.3d 273, 277 (2d Cir. 2005). "Review for 'unreasonableness' amounts to review for abuse of discretion." United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc). The concept of reasonableness "applies to both 'the sentence itself' and to 'the procedures employed in arriving at the sentence.'" United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008) (quoting United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006)). "The procedural inquiry focuses primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a), while the substantive inquiry assesses the length of the sentence imposed in light of the § 3553(a) factors." Id. (internal citations, brackets, and quotation marks omitted).

Butler challenges only substantive reasonableness. "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." Cavera, 550 F.3d at 190. "[W]e will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case" and "will instead set aside a district

court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal citations and quotation marks omitted).

Applying this standard, we cannot say that the district court's 18-month sentence constituted an abuse of discretion. This was the second time Butler breached the conditions of his supervised release by violating the state-issued order of protection entered in favor of his girlfriend. At the revocation hearing, Butler admitted that he "violated the order by going to the residence of the protected person and yelling at her and remaining on the front porch until the police arrived, at which time [he] ran from the police" and that he was convicted of a state felony as a result. Under these circumstances, we cannot say that the district court's sentence was substantively unreasonable.

Butler argues that the sentence must be reversed because the district court failed to specifically address some of the arguments that were made at the revocation hearing. However, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing." United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010). So long as the district court "has considered the party's arguments and has articulated a reasonable basis for exercising its decision-making authority," nothing more is required. Id. Here, the district court more than satisfied this standard.

For the foregoing reasons, and finding no merit in APPELLANT'S other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3