18-3038-cr
*United States v. Reid*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand nineteen.

PRESENT:     JOSÉ A. CABRANES,
             JOSEPH F. BIANCO,
                      *Circuit Judges,*
             EDWARD R. KORMAN,
                      *District Judge.*[*]

---

UNITED STATES OF AMERICA

                             *Appellee,*                  18-3038-cr

                       v.

GEORGE REID, also known as George Marcel Reid, also known as Mark Turner, also known as Marky, also known as George Reed, also known George M. Ried, also known as Mark Reid,

                         *Defendant-Appellant.*

---

**FOR APPELLEE:**                             Jacob R. Fiddelman (Daniel B. Tehrani, *on the brief*), Assistant United States

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

**FOR DEFENDANT-APPELLANT:**    Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY.

Appeal from an October 15, 2018 judgment of the United States District Court for the Southern District of New York (Ronnie Abrams, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 15, 2018 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant George Reid ("Reid") appeals from a judgment of the District Court revoking his term of supervised release and sentencing him principally to a term of 24 months' imprisonment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Reid argues that the sentence imposed by the District Court for his violation of supervised release is substantively unreasonable because the violation was "committed under the extreme influence of alcohol and mental illness." Appellant Br. At 11.

"The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. McNeil*, 415 F.3d 273, 274 (2d Cir. 2005). Based on the record before us, in particular the fact that this is not Reid's first violation of supervised release, we do not see any indication that the District Court's within-Guidelines sentence of 24 months' imprisonment followed by an additional two years of supervised release, is in any way unreasonable. As we observed in *United States v. Fernandez*, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." 443 F.3d 19, 27 (2d Cir. 2006).

Moreover, Reid does not bring to our attention any case law, from this Circuit or otherwise, to support the broad proposition that a within-Guidelines sentence may be "substantively unreasonable" because the underlying violation was due to substance abuse or mental illness. We also reject Reid's argument that the District Court did not give sufficient weight to the mitigating factors of Reid's alcohol use or mental illness, which the District Court in fact noted were "serious issues" that were "worthy of serious consideration." App'x 55. We agree with the Government that "if the ultimate sentence is reasonable and the sentencing judge did not commit procedural error in imposing that sentence, [we] will not second guess the weight (or lack thereof) that the judge accorded to a given factor or to a specific argument made pursuant to that factor." *United States v.*

2

*Pope*, 554 F.3d 240, 246-47 (2d Cir. 2009). We therefore reject Reid's assertion that his sentence for violating the conditions of his supervised release is unreasonable.

## CONCLUSION

We have reviewed all of the arguments raised by Reid on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 15, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk