18-2768 (L)
*United States v. Ronald Giallanzo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty.

Present:
>           ROBERT A. KATZMANN,
>                   *Chief Judge*,
>           PETER W. HALL,
>           RICHARD J. SULLIVAN,
>                   *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>    *Appellee*,

>    v.                                                    18-2768, 18-2792, 18-2827

MICHAEL PALMACCIO, AKA MIKE, CHRISTOPHER BOOTHBY, AKA BALD CHRIS, EVAN GREENBERG, AKA THE JEW, RICHARD HECK, AKA RICHIE, MICHAEL HINTZE, AKA MIKE, ROBERT PISANI, AKA ROB, ROBERT TANICO, AKA CHIPPY, AKA CHIP, ANTHONY CUMINALE, AKA CUBO, ANGELO MOCCIA, MICHAEL PADAVONA, AKA MIKE,

>    *Defendants*,

RONALD GIALLANZO, AKA RONNIE G, NICHOLAS FESTA, AKA PUDGIE,

*Defendants-Appellants*.

_____

| | |
|---|---|
| For Appellee: | KEITH D. EDELMAN (Samuel P. Nitze, Lindsay K. Gerdes, *on the brief*), Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant Ronald Giallanzo: | ANTHONY DIPIETRO Law Offices of Anthony DiPietro, P.C., White Plains, NY; (Elizabeth E. Macedonio, *on the brief*), Elizabeth E. Macedonio, P.C., New York, NY. |
| For Defendant-Appellant Nicholas Festa: | JOSEPH DIBENEDETTO The Law Offices of Joseph DiBenedetto, P.C., New York, NY. |

Appeals from judgments of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

In these consolidated appeals, Ronald Giallanzo and Nicholas Festa appeal from judgments of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*), sentencing Giallanzo to 144 months' imprisonment to run consecutively to a separate sentence of 24 months' imprisonment for violating his supervised release and sentencing Festa to 72 months' imprisonment—after each pleaded guilty to conspiracy to commit racketeering in violation of 18 U.S.C. §§ 1962(d) and 1963. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.     Ronald Giallanzo**

On appeal, Giallanzo principally argues that: (1) the district court committed procedural error by failing to adequately explain its reasons for imposing its above-Guidelines sentences; (2)

the district court committed procedural error by failing to consider certain 18 U.S.C. § 3553(a) factors, precluding the defense from presenting mitigating evidence, relying on exaggerated descriptions of Giallanzo's history and conduct, and considering a prejudicial statement made in a related proceeding; (3) his sentences are substantively unreasonable; (4) the government breached its plea agreement with Giallanzo by inviting the district court to impose an above-Guidelines sentence; and (5) reassignment of his cases to a different judge on remand is appropriate to maintain the appearance of fairness and impartiality. We address these arguments in turn.

In reviewing Giallanzo's procedural and substantive challenges to his sentences, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012); *see also United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) ("The standard of review on the appeal of a sentence for violation of supervised release is now the same standard as for sentencing generally: whether the sentence imposed is reasonable.").[1] A district court commits procedural error where it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). On a substantive reasonableness challenge, "we take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013).

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

"We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *Id*.

We conclude that the district court's explanations for Giallanzo's above-Guidelines sentences were adequate. At sentencing, the district court focused on the seriousness of the racketeering activity at issue—particularly the lengthy duration of the conspiracy and multiple victims involved—and it was clear in context that it viewed a Guidelines sentence as inadequate to deter Giallanzo from further criminal activity. It reiterated these concerns in a detailed written statement of reasons. With respect to Giallanzo's 24-month sentence for violating the conditions of his supervised release, the district court explained that Giallanzo's repeated violations of the court's trust to "commit even more egregious violations" justified the imposition of "the maximum statutory sentence allowed by law." Giallanzo App. 201-02. These considerations adequately support the district court's above-Guidelines sentences.[2]

Nor do we find any merit to Giallanzo's remaining procedural and substantive challenges. The district court considered the 18 U.S.C. § 3553(a) factors at length. It did not preclude Giallanzo from presenting mitigating evidence—it simply did not give that evidence the weight that Giallanzo would have liked. Moreover, the record does not suggest that the court relied upon inappropriate statements in sentencing Giallanzo. Accordingly, we find that, as a substantive matter, the district court's sentences fall within the range of permissible sentences.

---

[2] The record does not reflect that the district court filed a written statement of reasons in connection with Giallanzo's 24-month sentence for violating the conditions of his supervised release. We nonetheless affirm the district court's sentence in light of our recent decision in *United States v. Smith*, 949 F.3d 60 (2d Cir. 2020), which controls this case under this Court's protocol on precedence. In *Smith*, we held that a district court is not required to complete a written statement of reasons form for a sentence upon violation of supervised release. *Id.* at 65.

4

Giallanzo's argument that the government breached his plea agreement by inviting the district court to impose an above-Guidelines sentence likewise fails. Giallanzo failed to object to the government's alleged breach of the plea agreement at sentencing, and we therefore review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 143 (2009). Giallanzo bears the burden of showing: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010). Under this standard, we cannot say that the government breached Giallanzo's plea agreement. The record demonstrates that the government's advocacy at sentencing, while strident, was made in support of a sentence at the top of the Guidelines range, as permitted under the plea agreement.

Since we do not find a breach of the plea agreement and Giallanzo's arguments do not give us concern about the district judge's impartiality or the appearance of justice, we need not address his argument that his cases should be reassigned to a different judge.

## II.     Nicholas Festa

Festa challenges the procedural and substantive reasonableness of his 72-month sentence on a variety of grounds that are easily rejected. First, he argues that the district court failed to consider the plea agreement negotiated by the parties. Not so. The district court explicitly discussed the plea agreement at sentencing—and noted that it was not bound by it. Second, he argues that the court improperly considered a one-level reduction Festa received for global plea efforts as an "aggravating" factor. The record does not demonstrate that the court treated the reduction as an aggravating factor, and in any event, it is permitted to impose a variance based

5

on a policy disagreement with the Guidelines. *See United States v. Tutty*, 612 F.3d 128, 131 (2d Cir. 2010) ("[A] district court may depart from the Guidelines based solely on a policy disagreement, even where the disagreement applies to a wide class of offenders or offenses.") (emphasis omitted).

Third, Festa argues that the district court placed unreasonable weight on his recruitment of his cousin into the conspiracy and his disrespect of the law, and did not adequately credit mitigating factors including his lack of criminal history and childhood circumstances. The district court considered these factors and more at sentencing. On this record, we have no reason to question the district court's decisions concerning the weight it gave to specific factors. *See Broxmeyer*, 699 F.3d at 289 (finding that the determination of the comparative weight to be afforded to aggravating and mitigating factors "is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of the circumstances in the case").

Fourth, Festa argues that the district court failed to adequately explain its reasons for imposing an above-Guidelines sentence. We disagree. The district court carefully considered the 18 U.S.C. § 3553(a) factors at sentencing and noted the seriousness of the criminal activity at issue, the duration of the conspiracy, and the need for specific and general deterrence. It also highlighted Festa's recruitment of his cousin into the conspiracy. We find no reason to doubt that the district court considered the relevant factors appropriately, and we conclude that the district court adequately explained its decision in light of those factors. Nor can we conclude that, as a matter of substantive reasonableness, the district court's chosen sentence "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

6

Finally, Festa argues that the district court failed to sentence him appropriately in light of the sentences it imposed on other defendants in this case. This argument also fails—there is no legal requirement that a court consider or explain sentencing disparities among codefendants. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008).

We have considered Giallanzo's and Festa's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgments of the district court are **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7