United States v. Taylor

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand twenty-one.

PRESENT:
> PIERRE N. LEVAL,
> ROBERT D. SACK,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

*Appellee,*

v.           20-2473

PETER TAYLOR, a/k/a Penny,

*Defendant-Appellant.*

---

FOR APPELLEE:      PAUL D. SILVER, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Albany, NY.

FOR DEFENDANT-APPELLANT:      ROBIN CHRISTINE SMITH (Leean Othman, *on the brief*), Law Office of Robin C. Smith, Esq., P.C., San Rafael, CA.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Peter Taylor appeals his 24-month sentence for violations of the conditions of his supervised release. On August 9, 2005, Taylor pleaded guilty to charges of distribution of a controlled substance, 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of firearms in connection with a drug-distribution offense, 18 U.S.C. § 924(c)(1)(A)(i). The district court sentenced Taylor to a below-Guidelines term of imprisonment—the statutory minimum of 180 months—followed by eight years of supervised release.

After his term of imprisonment and during the period of supervised release, Taylor was denied entry to a scheduled drug test for allegedly possessing a knife and refusing to cooperate with court security officers. In response, the district court modified the supervised-release conditions to impose a curfew. Taylor later admitted to several violations, including committing the crime of possessing a firearm as a felon, failing to report a change in residence, failing to report a contact with law enforcement, running afoul of curfew and drug-test restrictions, and associating with a person involved in criminal activity. The district court imposed an 18-month term of imprisonment, again below the Guidelines range of 21 to 27 months, followed by three years of supervised release. He was released from prison for the second time on March 2, 2020.

On July 27, 2020, Taylor admitted to again violating the terms of his supervised release by leaving the district without permission and by associating with a felon. The district court also determined by a preponderance of the evidence—based on an arrest 19 days after Taylor was released from prison—that Taylor was found in Stafford, Virginia with dozens of cartons of untaxed contraband cigarettes packed into duffel bags, as well as cash and written plans for further related activity. The applicable Guidelines range was 8 to 14 months of imprisonment. This time,

the district court imposed an above-Guidelines sentence of 24 months, followed by three years of supervised release. On appeal, Taylor argues that this third, most recent sentence is substantively unreasonable. Taylor remains in custody with a projected release date of December 12, 2021. He was also separately charged with a Virginia Class 1 misdemeanor in connection with his arrest.

We review the reasonableness of a sentence, including one imposed after violations of supervised release, for abuse of discretion. *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020). On a review for substantive reasonableness, this Court upholds a sentence unless it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)); *see United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) ("Sentences for violations of supervised release are reviewed under 'the same standard as for sentencing generally: whether the sentence is reasonable.'" (quoting *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005)). A district court must determine its sentence by balancing statutory factors including the "nature and circumstances of the offense," the "history and characteristics of the defendant," "deterrence to criminal conduct," and "protect[ion] [of] the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)–(2); *see id.* § 3583(e).

Taylor proffers two reasons why the district court abused its discretion by imposing a 24-month prison sentence. Neither is persuasive.

First, Taylor argues that the sentence is substantively unreasonable because his violations were neither violent nor independently criminal. Taylor principally relies on the fact that he admitted only to traveling outside the district and to associating with a known felon. But those admissions are taken out of context: The district judge found by a preponderance of the evidence

3

that Taylor's travel and association with a felon were incidental to criminal acts.[1] Specifically, Taylor was arrested outside the district just 19 days after his second release from incarceration. *See United States v. Edwards*, 834 F.3d 180, 194–95 (2d Cir. 2016) (explaining that the reason for a defendant's travel outside of the district is relevant and that traveling to engage in criminal activity evinces a breach of trust). Further, during Taylor's first period of supervised release, he was denied entry to a courthouse for apparent possession of a knife and noncooperation with court security officers. That supervised release was later revoked in part because Taylor admitted to possessing firearms. And his original substantive offense also involved possession of two handguns in furtherance of drug possession with intent to distribute. Even if Taylor did not engage in violent crimes during his most recent period of supervised release, the district court was entitled to take into account his history of violations, *see* 18 U.S.C. § 3553(a)(1); his potential danger to the public, *id.* § 3553(a)(2)(C); and his prior below-Guidelines sentences, *see United States v. Degroate*, 940 F.3d 167, 180 & n.49 (2d Cir. 2019) (citing U.S.S.G. § 7B1.4 cmt. 4).

Second, Taylor argues that the district court abused its discretion by placing undue weight on one factor—breach of trust—to determine his sentence. This argument is meritless. *See United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge." (cleaned up)). In any event, we have explained that breach of trust is the "critical" focus of a revocation hearing, *Edwards*, 834 F.3d at 194 (quoting U.S.S.G. ch. 7, pt. A, introductory cmt. 3(b)), and the district court also weighed other factors, including Taylor's repetition of the same conduct that resulted in his prior revocation and the need to "protect the community from [his] further criminal

---

[1] Although Taylor does not admit to the criminal conduct, his brief nowhere contests the district court's finding. *See* 18 U.S.C. § 3583(e)(3) (requiring a finding by preponderance of the evidence).

4

behavior," App'x at 45.

We have considered the remainder of Taylor's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court