20-3342-cr
*United States v. Lewis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-one.

Present:
>            DEBRA ANN LIVINGSTON,
>                      *Chief Judge*,
>            DENNIS JACOBS,
>            RICHARD J. SULLIVAN,
>                      *Circuit Judges*.

---

UNITED STATES OF AMERICA,

>            *Appellee*,

>      v.                                                      20-3342-cr

FRANK MORENO, AKA MO, HENRY KEENE, TERRANCE NEAL, JUBBAR SINGLETON, AKA JA, EL-HAJJ MOSES, AKA LITTLE ELIE, ASAR BRANDOW, AKA JAMEL, MARQUS BUCHANAN, AKA UN, MAIKEL MANGRA, RODNEY RANDALL, SHIROCKIE KIRK, VITTORIO GEORGE, STEVEN HARTRIDGE, SAKENA KOCER, AKA KILLS, DUSHAN WILSON, AKA LIL DU, GREGORY WILSON,

>            *Defendants*,

OMAR LEWIS, AKA TREE,

>            *Defendant-Appellant*.

---

For Defendant-Appellant:                    James Egan, Assistant Federal Public Defender, Syracuse, NY; Molly K. Corbett, Assistant Federal Public Defender, Albany, NY.

For Appellee:                    Steven David Clymer and Rajit Singh Dosanjh, Assistant United States Attorneys, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Omar Lewis appeals from a judgment of the United States District Court for the Northern District of New York, entered on September 28, 2020, revoking his term of supervised release and sentencing him to a 24-month term of imprisonment upon his admission to violating the terms of his release. On appeal, Lewis argues that the district court erred in imposing the 24-month sentence, which was above the Sentencing Guidelines' recommendation of 5 to 11 months. He asserts that the sentence is both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews the reasonableness of a sentence, whether "inside, just outside, or significantly outside the Guidelines range," under the "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *United States v. Pugh*, 945 F.3d 9, 23 (2d Cir. 2019). This standard applies to sentences imposed for the revocation of supervised release. *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam) (citations omitted).

Lewis first contends that the district court erred procedurally in sentencing him to 24 months of imprisonment because the court failed to sufficiently explain its reasons for the imposition of the sentence, "so that the parties, the public, and a reviewing court can understand

the justification for the sentence, particularly when there is a material deviation." *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). He asserts that the district court did not adequately explain its reasoning for departing from the Guidelines' recommendation of 5 to 11 months' imprisonment (given his four Grade C violations and his Criminal History Category III). *See* U.S.S.G. § 7B1.4. We are not persuaded.

We review Lewis's claim of procedural unreasonableness for "plain error" because he "failed to raise it before the District Court at sentencing even though he had the opportunity to do so." *United States v. Matta*, 777 F.3d 116, 124 (2d Cir. 2015). To establish plain error,

> a defendant must demonstrate that: (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (alteration in original) (internal quotation marks and citation omitted). In determining the appropriate sentence for Lewis's violations of supervised release, the district court was required to consider a subset of the sentencing factors set out in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e), but was not required to "engage in the utterance of 'robotic incantations' when imposing [the] sentence[]" simply to assure us that the factors were considered, *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (citation omitted).

We conclude that the district court did not err, let alone plainly err, in explaining the reasons for its imposition of a sentence of 24 months. In imposing its sentence, the district court stated that it had considered all the evidence. App'x 78. The court expressly considered Lewis's guilty plea to the four violations—failure to refrain from drug use, failure to maintain employment,

failure to comply with a search condition, and failure to participate in substance abuse counseling. App'x 79. The court asked Lewis about the violations and afforded him an opportunity to give an explanation for each one. App'x 68–71. The court also highlighted Lewis's continued failure to stay out of trouble, stating Lewis "had numerous opportunities in which to proceed and to help himself and has neglected those." App'x 79.

The district court further emphasized Lewis's repeated refusal to give the Government the password to his unreported cellphone and his inadequate explanation for his possession of $792 in cash, both found in his possession when he was arrested for violating the terms of his supervised release. The district court noted that Lewis failed to give the password immediately after his arrest, and separately refused when asked by the court during his sentencing hearing, while facing the 24-month sentence. *See* App'x 78–79 ("I'm giving him the warning ahead of time that he's looking at a two-year, 24-month, sentence if he refuses."). That repeated refusal, per the court, "indicate[d] clearly that [Lewis] ha[d] some incriminating evidence . . . on the cell phone and, also, the fact that [he] had $800 in [his] possession, a man who [wa]s unemployed and no backup as to where [he] got that cash, and that is much, much more serious than the matter of the failure to report [to counseling]." App'x 76–77 (alterations added). Given Lewis's prior conviction for conspiring to distribute and possess controlled substances (namely, crack cocaine, cocaine powder, and heroin), 21 U.S.C. §§ 841, 846, the district court concluded that Lewis had likely "reengaged in illegal drugs," App'x 77. The district court's violation-by-violation examination of the record and its stated reasons for its sentence were sufficient.

Lewis next challenges the substantive reasonableness of the 24-month term of imprisonment. He argues that, with the goal of rehabilitation in mind, the district court should

4

have sentenced him to community confinement to ensure his compliance with substance abuse counseling, rather than a lengthy prison sentence. This challenge, too, is without merit.

Substantive reasonableness "focuses on a district court's explanation of its sentence in light of the [relevant] factors contained in 18 U.S.C. § 3553(a)." *Matta*, 777 F.3d at 124 (citation omitted). In examining the substantive reasonableness of a sentence, this Court reviews "the length of the sentence imposed to determine whether it cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and citations omitted). "In imposing a sentence for violation of supervised release, the sentencing judge may freely impose a term lower or higher than the recommended Guidelines range . . . ." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005).

We cannot conclude that the district court's imposition of a term of imprisonment of 24 months was substantively unreasonable in this case, given Lewis's serious and multiple breaches of trust. Lewis was originally convicted of conspiracy to possess and distribute drugs. App'x 48; *see* §§ 841, 846. On release, he repeatedly failed drug tests, testing positive for cocaine and marijuana use. App'x 68–69. He failed to maintain employment, and also failed to complete drug counseling. App'x 69, 71.

In light of these breaches, moreover, Lewis's explanations for the cash in his possession and refusal to give the password to his unreported cellphone were not compelling. He told the district court that a friend gave him the money so that he could buy school clothes for his son. App'x 70. He refused to give the password to his cellphone, even in the face of a 24-month term of imprisonment, because the phone supposedly contained private photos. App'x 70–71. The district court correctly determined that, based on his prior conviction and supervised release violations, the preponderance of evidence supported the finding that Lewis had "reengaged in

5

illegal drugs . . . ."   App'x 77; *see United States v. Gonzalez*, 407 F.3d 118, 125 (2d Cir. 2005) (holding that disputed facts are resolved by the district court "by a preponderance of the evidence when arriving at a Guidelines sentence" (citation omitted)).   Given that conclusion in conjunction with Lewis's violations, Lewis's sentence was in no manner substantively unreasonable.

*   *   *

We have considered Defendant-Appellant Lewis's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court