*United States v. Artis*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> MICHAEL H. PARK,
> > *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                      22-2864

JAMES WELCOME, MANDY BLANCHARD,

> *Defendants*,

FLOYD ARTIS,

> *Defendant-Appellant*.

———————————————————————

For Appellee:                               Paul J. Van de Graaf, Assistant U.S. Attorney (Gregory L. Waples, *on the brief*) *for* Nikolas P. Kerest, U.S. Attorney for the District of Vermont).

1

For Defendant-Appellant:           James M. Branden, Law Office of James M. Branden, Staten Island, NY.

Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Floyd Artis appeals from an October 25, 2022 judgment of the United States District Court for the District of Vermont (Reiss, *J.*) revoking his supervised release and sentencing him to 36 months' imprisonment for violating the terms of his supervised release. On appeal, Artis challenges the reasonableness of his within-Guidelines sentence. Specifically, he contends that his sentence is substantively unreasonable and argues that the district court arrived at the sentence by improperly focusing on the "seriousness" of his violations, rather than the "breach of trust" they entailed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews sentences for violations of supervised release for procedural and substantive reasonableness, the same standard applicable to the Court's review of sentences generally. *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). This inquiry entails "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012). We find procedural error where the district court erred in the procedure used to arrive at the sentence. *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009). We find substantive error "only 'for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law.'" *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (citation omitted).

Under 18 U.S.C. § 3583(e)(3), a judge imposing a sentence for a violation of supervised release must consider the factors enumerated in 18 U.S.C. § 3553(a), including "the need for the sentence imposed . . . to reflect the seriousness of the offense." 18 U.S.C. § 3553(a)(2)(A). This Court "take[s] a deferential approach" in our review of a district court's compliance and "refrain[s] from imposing any rigorous requirement of specific articulation by the sentencing judge." *United States v. Fleming,* 397 F.3d 95, 99 (2d Cir. 2005). Therefore, we will not assume that a court failed to account for a relevant factor, absent indications to the contrary, simply because it did not cite it explicitly. *See United States v. Verkhoglyad*, 516 F.3d 122, 129 (2d Cir. 2008).

Artis argues that the district court erred in imposing its sentence by improperly focusing on the seriousness of Artis's violation conduct—the seriousness of which Artis concedes—rather than the breach of trust that his conduct entailed. In support of his legal claim, Artis relies primarily on a concurrence in *United States v. Hammond*, 139 S. Ct. 2369 (2019), for the proposition that the consequences of violating supervised release pertain "first and foremost" to the defendant's "breach of trust," rather than the conduct triggering revocation. *Id.* at 2386 (Breyer, *J.*, concurring). We have said that "'the primary goal of a revocation sentence' ought to be 'to sanction the violator for failing to abide by the conditions of the court-ordered supervision,' in order to account for the breach of trust inherent in failing to appreciate the privileges associated with such supervision." *United States v. Sindima*, 488 F.3d 81, 86 (2d Cir. 2007) (citing U.S.S.G. § 7A.3(b)).

Here, the district court did not err. At the start, the record indicates that during the revocation hearing, the district court appropriately considered the applicable § 3553(a) sentencing factors by specifically enumerating and accounting for them. *See Fleming*, 397 F.3d at 97. Insofar as a sentencing court must consider "seriousness" among those factors, the court's assessment of

3

this metric complied with its statutory mandate. And considering that Artis's violations included, *inter alia*, flight, drug possession—including with the intent to distribute—and possession of a handgun without permission, the district court's consideration of this factor unsurprisingly reflects the seriousness of the violations.

The district court also addressed and accounted for Artis's breach of trust, meaning the "degree to which [Artis's] violation[s] represent[] a serious betrayal of the court's trust." *See Verkhoglyad*, 516 F.3d at 136. At the revocation of supervised release hearing, the court recounted a verbal exchange with Artis during his earlier compassionate release hearing to underscore that the court placed trust in Artis that he subsequently breached:

> I told him, look, you don't have a ton of time left, but the judge puts their neck out there when they grant you compassionate release and you go into the community ahead of time, and we had a very frank conversation about how is that going to happen? Are you going to be compliant? I heard, absolutely.

The district court's additional assessment that Artis's conduct upon release amounted to a "chart topper" in terms of the magnitude and multitude of violations indicates the degree of Artis's breach of trust. The district court's careful analysis, including its assessment of the seriousness of the violations, placed Artis's "conduct in context to determine the extent to which it reflected a betrayal of the court's trust"—an assessment that informed its resulting sentence. *See Verkhoglyad*, 516 F.3d at 132.

Nor is the within-Guidelines sentence imposed by the district court substantively unreasonable. Although this Court has declined to adopt a presumption that a within-Guidelines sentence is reasonable, "[i]n the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Bryant*, 976 F.3d 165, 181 (2d Cir. 2020) (quoting *United States v.*

4

*Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006)). The district court's 36-month sentence, which falls within the Guidelines range, is not "shockingly high" in light of the factors cited by the district court. *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). As the district court itself noted, this sentence accounted for the § 3553(a) factors "in an effort to impose a sentence that is sufficient, but not greater than necessary." Artis provides no countervailing considerations beyond those addressed above and his assertion that the sentence falls near the top of the Guidelines range. In view of our conclusion that the relevant factors do not render this an "exceptional" case, we lack a basis upon which to find the sentence substantively unreasonable. *See United States v. Cavera*, 550 F.3d 180, 189 (2008).

\* \* \*

We have considered Artis's remaining arguments and conclude that they lack merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court