23-6320-cr (L)
*United States v. Middlebrooks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand twenty-four.

Present:
    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    GERARD E. LYNCH,
    BETH ROBINSON,
        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

    v.                                                      23-6320(L)
                                                            23-6322(Con.)

JONDELL MIDDLEBROOKS,

    *Defendant-Appellant*.

_____

For Defendant-Appellant:          Melissa A. Tuohey, Assistant Federal Public Defender, Syracuse, NY.

For Appellee:                     Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

1

Appeal from two judgments of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Defendant-Appellant Jondell Middlebrooks appeals from two judgments entered on March 31, 2023 in connection with his pleas and sentencing in the United States District Court for the Northern District of New York (Suddaby, *J.*). The court sentenced Middlebrooks principally to 192 months' imprisonment and six years of supervised release for possession with intent to distribute a controlled substance (cocaine base) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and to 18 months' imprisonment for violations of supervised release during the commission of the controlled substance offense, to be served consecutive to the 192-month sentence. On appeal, Middlebrooks challenges both sentences. In addressing these challenges, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we discuss here only as necessary to explain our decision to **AFFIRM**.

\* \* \*

This Court reviews sentences for procedural and substantive reasonableness under "a particularly deferential form of abuse-of-discretion review." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012) (quoting *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (en banc)). The same standard applies to sentences for supervised release violations. *See United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). We find procedural error where, *inter alia*, the district court "makes a mistake in its Guidelines calculation," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Cavera*, 550 F.3d at 190. We review *de novo* a district court's interpretation of the United States Sentencing

Guidelines ("Guidelines") as to whether a crime is a "crime of violence." *United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009). We will vacate a sentence as substantively unreasonable "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)). Where a defendant does not object to a factual error at sentencing, we generally review for plain error, *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011), meaning error that is clear or obvious, affected substantial rights, and "seriously affects the fairness, integrity, or public reputation of judicial proceedings," *United States v. Stevenson*, 834 F.3d 80, 83 (2d Cir. 2016) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

## I. Controlled Substance Offense

Middlebrooks first argues that the district court committed procedural error by sentencing him as a career offender pursuant to U.S.S.G. § 4B1.1(a). We disagree. Specifically, Middlebrooks contends that one of his previous convictions, for attempted murder in the second degree in violation of N.Y. Penal Law § 125.25(1), does not constitute a predicate "crime of violence" under the career offender definition following the Supreme Court's decision in *United States v. Taylor*. *See* 596 U.S. 845, 852 (2022) (holding that attempted Hobbs Act robbery is not a crime of violence). Intervening Second Circuit case law has squarely rejected Middlebrooks' argument. Following *Taylor*, we issued an amended opinion in *United States v. Pastore*, clarifying that *Taylor* does not change this Court's conclusion that attempted murder in the second degree, in violation of § 125.25(1), is a "crime of violence." 83 F.4th 113, 120 (2d Cir. 2023). Although *Pastore* considered whether attempted second degree murder under § 125.25(1) is a "crime of violence" for purposes of 18 U.S.C. § 924(c), its analysis squarely applies to the question whether attempted second degree murder is a "crime of violence" for the purposes of U.S.S.G. § 4B1.1(a).

3

*Compare* 18 U.S.C. § 924(c)(3)(A) *with* U.S.S.G. § 4B1.2(a). Since Middlebrooks also had a prior conviction for a controlled substance offense, the district court properly concluded here that Middlebrooks had two prior convictions that qualified as valid predicates for the career offender enhancement.

Middlebrooks next argues that his 192-month sentence is substantively unreasonable because, *inter alia*, his criminal history cannot bear the weight assigned to it and the sentence fails to account adequately for his background and characteristics, including mitigating factors. This argument, too, is without merit.

At Middlebrooks' sentencing hearing, the district court noted that it had considered "all the pertinent information," including the § 3553(a) factors, the Presentence Report and addendum, submissions by counsel, the Sentencing Guidelines Manual, and the Guidelines imprisonment range of 188 to 235 months. A199. Judge Suddaby concluded that Middlebrooks' criminal history, in light of his return to narcotics distribution within six months of his release from prison, indicated "a lack of willingness to refrain from illegal activity," and that Middlebrooks was "undeterred by community supervision." A200. The district court determined that the 192-month sentence, near the bottom of the Guidelines range, was "sufficient, but not greater than necessary, to reflect the seriousness of [the] offense[;] provide just punishment[;] afford adequate deterrence[;] and to protect this community from further crimes of this defendant." A199–200.

The district court's determination was substantively reasonable. Middlebrooks points to mitigating factors present in his case, but our precedent makes clear that "[t]he particular weight to be afforded aggravating and mitigating factors 'is a matter firmly committed to the discretion of the sentencing judge.'" *Broxmeyer*, 699 F.3d at 289 (quoting *United States v. Fernandez*, 443 F.3d 19, 32 (2d Cir. 2006)). Taking into account "the totality of the circumstances, giving due

4

deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of [the] district court[]," *Cavera*, 550 F.3d at 190, we conclude that the district court's determination was "located within the range of permissible decisions," *id.* at 191.

Finally, Middlebrooks argues that the district court relied on unsupported factual findings in making its sentencing determination as to the controlled substance offense. We review for plain error, as Middlebrooks failed to object to these alleged errors during his sentencing hearing. *See United States v. Rybicki*, 354 F.3d 124, 128–29 (2d Cir. 2003) (en banc). We discern no such error here. Considering the district court's comments as a whole, the record is clear that the court's characterization of Middlebrooks' "violent criminal behavior" and his "destructive" conduct in the community referenced his ongoing involvement in drug offenses which, as the district court explained, "destroy . . . people's lives." A198. Contrary to Middlebrooks' claim on appeal, the record reflects no confusion as to his post-1998 offense conduct. Accordingly, his argument fails.

## II.      Supervised Release Violations

Finally, Middlebrooks argues that his sentence of 18 months' imprisonment—at the bottom of the Guidelines range of 18 to 24 months—for the supervised release violations, to run consecutively, was substantively unreasonable. We again disagree.

First, the district court did not abuse its discretion in imposing the revocation sentence to run consecutively to the term imposed for the new conviction. The Sentencing Guidelines Manual policy statement covering "Revocation of Probation or Supervised Release" provides:

> [a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served *consecutively* to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

5

U.S. Sentencing Guidelines Manual § 7B1.3(f) (U.S. Sentencing Comm'n 2015) (emphasis added). And the district court acted well within its discretion in determining that given Middlebrooks' breach of trust, "the goals of sentencing as enumerated in 18 U.S.C. Section 3553(a) are best served by consecutive sentences in this case." A206.

Second, the court provided adequate reasons for the sentence, again focusing principally on Middlebrooks' breach of trust. The court noted its intention to provide deterrence and promote respect for the law. Further, the court affirmed that it declined to run the term concurrently in order to best serve § 3553(a)'s sentencing goals due to the "serious breach of the trust of this Court." Addressing Middlebrooks, the court explained: "You were under the supervision of this Court for less than six months when you chose to engage in the same criminal conduct of distributing drugs in our community." A206. The sentence was substantively reasonable.

\* \* \*

We have considered Middlebrooks' remaining arguments and conclude they lack merit. We therefore **AFFIRM** the district court's judgments.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court